**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES L. THIEL and NANCY THIEL,

        Plaintiffs,

v.                                  CIVIL CASE NO. 04-60169
                                  HON. MARIANNE O. BATTANI

ASSURANCE COMPANY OF AMERICA,

        Defendant.

_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Defendant's Motion for Summary Judgment (Doc. #14). Plaintiffs brought suit seeking to recover uninsured motorist ("UM") benefits from an insurance policy underwritten by Defendant.

Assurance contracted with United Heating and Cooling ("United"), a corporation owned by Plaintiffs, to provide business insurance, including business auto coverage, for United. On August 6, 2002, Plaintiff, Charles Thiel was struck by a hit and run driver in Chicago, Illinois. Mr. Thiel testified that he was injured while crossing the street after leaving a training seminar he attended for his employer, Avaya, Inc. Mr. Thiel did not seek medical attention, and did not file a police report until two months later.

The Assurance Policy contains an UM Endorsement that modifies the Business Auto Coverage Form. The UM Endorsement states:

B. Who Is An Insured
If the Named Insured is designated in the Declarations as:
1. An individual, then the following are "insureds":
    a. The Named Insured and any "family members":
    b. Anyone else "occupying" a covered "auto" or a temporary substitute for a
    covered "auto". . . .
    c. Anyone for damages he or she is entitled to recover because of "bodily injury"
    sustained by another "insured".
2. A partnership, limited liability company, corporation or any other form of
organization, then the following are "insureds":
    a. Anyone "occupying" a covered "auto" or a temporary substitute for a
covered "auto". The covered "auto" must be out of service because of its
breakdown, repair, servicing, "loss" or destruction.
b. Anyone for damages he or she is entitled to recover because of "bodily injury"
sustained by another "insured".

Defendant seeks summary judgment, contending that the insurance policy only insures

United Heating and Cooling Company, ("United") a corporation owned by Plaintiffs, and not

Plaintiffs as individuals. Defendant argues that, because United is the only "Named Insured,"

Plaintiffs are not covered by the policy for the type of injuries Charles Thiel sustained, and the

nature of the accident that caused those injuries.

## II.    STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be

granted when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment,
after adequate time for discovery and upon motion, against a party who fails to make a
showing sufficient to establish the existence of an element essential to that party's case,
and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

2

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)(citation omitted)(quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

3

<u>Anderson</u>, 477 U.S. at 249-50.  "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"  <u>Michigan Paytel Joint Venture v. City of Detroit</u>, 287 F.3d 527, 534 (6th Cir. 2002)(quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).  The evidence itself need not be the sort admissible at trial.  <u>Tinsley v. General Motors Corp.</u>, 227 F.3d 700, 703 (6th Cir. 2000).  However, the evidence must be more than the nonmovant's own pleadings and affidavits.  <u>Smith v. Campbell</u>, 250 F.3d 1032, 1036 (6th Cir. 2001).  The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant.  <u>Anderson</u>, 477 U.S. at 252.

## III.    ANALYSIS

Several familiar maxims of insurance contract interpretation bear repeating.  As noted in <u>Murphy v. Seed-Roberts Agency</u>, 79 Mich. App. 1, 7-8, 261 N.W.2d 198 (1977):

> "Policies of insurance are much the same as other contracts; they are matters of agreement by the parties and the job of the courts is to determine what that agreement was and enforce it accordingly.  <u>Eghotz v. Creech</u>, 365 Mich 527, 530; 113 NW2d 815 (1962).  If the terms of that contract are plain and unambiguous, their plain meaning should be given effect.  <u>Wozniak v. John Hancock Mutual Life Ins. Co.</u>, 288 Mich 612; 286 NW 99 (1939). . . .
>
> "Insurance policies must be interpreted by reading them as a whole.  <u>Sloan v. Phoenix of Hartford Ins. Co.</u>, 46 Mich App 46; 207 NW2d 434 (1973).  Courts should attempt to harmonize all parts of a contract of insurance so as to give effect to each clause contained therein.  <u>Jackson v. British America Assurance Co.</u>, 106 Mich 47; 63 NW 899 (1895).

<u>Smart v. New Hampshire Ins. Co.</u>, 407 N.W.2d 362, 365 (Mich. 1987)(Riley, C.J., <u>dissenting</u>).

An insurance contract is clear and unambiguous if it fairly admits of but one interpretation.

<u>Farm Bureau Mutual Ins. Co. v. Nikkel</u>, 460 Mich. 558, 566, 596 N.W.2d 915 (1999).  If the

language of an insurance contract is clear, its construction is a question of law for the court.

Henderson v. State Farm Fire & Casualty Co., 460 Mich. 348, 353, 596 N.W.2d 190 (1999). An

insurance contract is ambiguous if, after reading the entire contract, its language can reasonably

understood in different ways. Nikkel, 460 Mich. at 566-567. Ambiguities are to be construed

against the insurer. State Farm Mutual Auto Ins. Co. v. Enterprise Leasing Co., 452 Mich. 25,

38; 549 NW2d 345 (1996). With these principles in mind, the Court

Charles and Nancy Thiel are named as "Additional Insured[s]" on the "Specialty

Contractors Policy Supplemental Declarations." Thus, the question is whether those declarations

were in effect on the date of Charles Thiel's accident; and, if so, whether an "Additional

Insured" is the same as a "Named Insured" for coverage purposes. In the definition section,

there is no definition for "Named Insured" or "Additional Insured." However, "Insured" is

defined as: "any person or organization qualifying as an insured in the Who Is An Insured

provision of the applicable coverage." Under the UM Endorsement, the "Who Is An Insured"

section defines "insured" as:

> If the Named Insured is designated in the Declarations as:
> 1. An individual, then the following are "insureds":
>> a. The Named Insured and any "family members":
>> b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". . . .
>> c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
> 2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>> a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
> b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Defendant raises two principal arguments against finding that Plaintiffs are designated as

5

"Named Insureds:" 1) Defendant contends that while Nancy Thiel is listed as an "Additional Insured," there is a difference between being an "Additional Insured" and being a "Named Insured," and that the policy distinguishes between the two throughout; and, 2) Defendant argues that the documents Plaintiffs submitted are for a different policy which was for the year prior to Charles Thiel's accident, and thus, are irrelevant.

Defendant's argument that the documents Plaintiffs submitted are for a different policy and are for the year prior to Charles Thiel's accident, is unavailing. Nancy Thiel is listed as an "Additional Insured" in the policy submitted by Defendant. Thus, if Nancy Thiel is considered a "Named Insured," Charles Thiel would be covered as a family member of a "Named Insured." Therefore, coverage depends on whether, via the supplemental declarations, Nancy Thiel qualifies as a "Named Insured."

In support its argument that Nancy Thiel is not a "Named Insured," Defendant cites Michigan case law which distinguishes named insureds from additional insureds. Cvengros v. Farm Bureau Ins., 548 N.W.2d 698, 699 (Mich. Ct. App. 1996), Harwood v. Auto-Owners Ins. Co., 535 N.W.2d 207, 209 (Mich. Ct. App. 1995). The court in Cvengros, held that "merely listing a person as a designated driver on a no-fault policy does not make the person a 'named insured.'" Cvengros, 548 N.W.2d at 699. Similarly, in this case, who is an "insured" depends on whom, or what, is the "Named Insured," and merely listing a person as an "Additional Insured" does not make the person a "Named Insured."

Moreover, the Supplemental Declarations effective at the time of the accident list Nancy Thiel as an "Additional Insured." The Supplemental Declarations are very dissimilar to the Common Declaration page that unequivocally lists United Heating and Cooling as the "Named

Insured," identifies United as a "Business Entity," and identifies the policy's period.  However,

Plaintiffs argue that the supplemental declarations listing Nancy Thiel as an "Additional Insured"

should be construed to mean that she is an "additional named insured."  There is no basis to

interpret the declaration in such a manner.  Nancy Thiel is not listed as a "Named Insured," nor

is she listed as an "additional named insureds;" rather, Nancy Thiel is listed as an "Additional

Insured."  Plaintiffs offer no case law or basis in the contractual language to equate "Additional

Insured" to either "Named Insured" or "Additional Named Insured."  The unambiguous language

of the policy identifies United as the only "Named Insured," and Nancy Thiel as an "Additional

Insured."  Therefore, Nancy Thiel is not a "Named Insured" for the policy, and Charles Thiel is

not eligible for UM benefits.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary

Judgment is **GRANTED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE



DATED: December 5, 2005



## CERTIFICATE OF SERVICE

Copies of this Order were mailed to James McKenna and Douglas M. Chapman on this date

by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK